IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY NATHAN COSS,

      Petitioner,                    No. CIV S 09-966 GEB KJM P

    vs.

PLACER COUNTY COURT,        <u>ORDER AND</u>

      Respondent.              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Petitioner, who has been convicted of several misdemeanors, has filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has submitted the filing fee.

        The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before

/////

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

1

1 presenting them to the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v.
2 Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).

3       After reviewing the petition for habeas corpus, the court finds that petitioner has
4 failed to exhaust state court remedies: petitioner concedes that his claims have not been
5 presented to the California Supreme Court.  He argues, however, that after the Appellate
6 Division of the Placer County Superior Court denied certification of the case to the Court of
7 Appeal and after the Court of Appeal denied his habeas petition, he had no further state remedies
8 to pursue.

9       The Ninth Circuit has rejected this argument.  In Larche v. Simons, 53 F.3d 1068
10 (9th Cir. 1995), the petitioner, who had also been convicted of a misdemeanor, argued that he
11 was not required to present his claims to the California Supreme Court before filing his federal
12 habeas petition.  The court considered the question "whether a misdemeanor appellant, whose
13 direct appeal is exhausted before reaching the state's highest court, must then appeal to that court
14 by means of habeas proceedings in order to exhaust his claims for federal habeas corpus
15 purposes," and held that he must.  Id. at 1071.  The court explained that because the "overriding
16 principle requiring exhaustion of state remedies is comity," the state Supreme Court must be
17 given an opportunity to consider constitutional claims even on discretionary review.  Id.  It then
18 noted that even though a misdemeanant cannot appeal directly to the California Supreme Court,
19 he may invoke that court's original jurisdiction over habeas petitions.  Id.

20       Because the petitioner in this case has conceded he has not sought habeas relief in
21 the California Supreme court, his claims are not exhausted and the petition should be dismissed
22 without prejudice.[2]

---

[2] Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period will start to run on the date on which the state court judgment became final by the conclusion of direct review or the expiration of time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending.  28 U.S.C. § 2244(d).

1   Good cause appearing, IT IS HEREBY ORDERED that:

2   The Clerk of the Court is directed to serve a copy of these findings and
3   recommendations together with a copy of the petition filed in the instant case on the Attorney
4   General of the State of California.

5   IT IS HEREBY RECOMMENDED that petitioner's application for a writ of
6   habeas corpus be dismissed for failure to exhaust state remedies.

7   These findings and recommendations will be submitted to the United States
8   District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
9   twenty days after being served with these findings and recommendations, petitioner may file
10  written objections with the court.  The document should be captioned "Objections to Findings
11  and Recommendations."  Petitioner is advised that failure to file objections within the specified
12  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153
13  (9th Cir. 1991).

14  DATED: June 10, 2009.

_____
U.S. MAGISTRATE JUDGE

2
coss0966.103